United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-30776

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

GLENN DORDAIN

Defendant-Appellant.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before GARWOOD, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Glenn Dordain challenges the district court's imposition of an upward adjustment for possession of a firearm in connection with a felony offense under U.S.S.G. § 2K2.1(b)(5). We vacate and remand for resentencing.

I

Without the benefit of a plea agreement, Glenn Dordain pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

less than ten grams of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Dordain signed a stipulation in which he conceded that the government would have proven that Dordain possessed two firearms, that heroin was found in his toilet, and that he purchased the firearms "on the street . . . for protection." Dordain confirmed these facts under oath at rearraignment.

The presentece report assigned Dordain a base offense level of 20 and a three-level downward adjustment for acceptance of responsibility. The PSR recommended a four-level adjustment under U.S.S.G. § 2K2.1(b)(5) because Dordain possessed a firearm "in connection with" a felony offense--here, the possession of heroin. Dordain objected to the PSR, arguing that the four-level adjustment was improper under *Blakely v. Washington*[1] because the facts underlying the adjustment were neither found by a jury nor admitted by him.

At sentencing, Dordain again admitted both possession of a firearm and possession of heroin. He argued that the adjustment was inappropriate because the admitted-to facts were insufficient to show a nexus between the firearms and the heroin, as is necessary to impose the § 2K2.1(b)(5) adjustment. The district

---

[1] 542 U.S. 296 (2004).

court rejected Dordain's objection. Sentencing Dordain before the Supreme Court decided *United States v. Booker*, the district court concluded that, even if *Blakely* applied to the federal sentencing guidelines, the facts admitted to by Dordain were sufficient to impose the adjustment. The court sentenced Dordain to 87 months imprisonment (a level exceeding the guideline range absent the challenged enhancement) and a three-year term of supervised release. Dordain filed a timely notice of appeal.

## II

Dordain challenges his sentence on appeal, contending that his admissions are insufficient to impose the adjustment under § 2K2.1(b)(5) because he never admitted that there was a connection between possession of the firearm and possession of the heroin. Further, Dordain argues that his admission to purchasing the gun for "protection" is insufficient to show the needed connection. The government argues that the admissions were sufficient and, regardless, that any error was harmless.

The Supreme Court held in *United States v. Booker* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted

3

by the defendant or proved to a jury beyond a reasonable doubt."[2] Under § 2K2.1(b)(5), a four-level adjustment is proper if the defendant "used or possessed any firearm or ammunition in connection with a felony offense."[3] A district court's determination of the "in connection with" requirement is a factual finding.[4]

Although admitted facts will not give rise to a valid *Booker* claim,[5] the defendant must admit all facts necessary to a sentence enhancement.[6] Section 2K2.1(b)(5) requires proof of three things: (1) that the defendant possessed a firearm, (2) that the defendant committed a felony offense, and (3) that the defendant possessed the firearm "in connection with" the commission of the felony offense. Here, Dordain admitted to the first two, but he did not admit that he possessed the firearm in connection with his possession of heroin.

Further, Dordain's statement that he possessed the firearm for "protection" is insufficient, by itself, to compel a conclusion that he possessed the firearm "in connection with" the possession

---

[2]543 U.S. 220 (2005).

[3]U.S. SENTENCING GUIDELINES § 2K2.1(b)(5).

[4]*United States v. Mitchell*, 166 F.3d 748, 754 n.24 (5th Cir. 1999); *United States v. Condren*, 18 F.3d 1190, 1199-1200 (5th Cir. 1994).

[5]*United States v. Holmes*, 406 F.3d 337, 364 (5th Cir. 2005).

[6]*See Booker*, 543 U.S. at 244.

of heroin. A person can possess a firearm for a variety of reasons, ranging from self-protection to hunting enthusiast to facilitating drug-related crimes. Perhaps our conclusion would be different if the guns and drugs are found in temporal and spatial proximity, but that is not the case here. Dordain admitted only the he kept a firearm under his mattress, and the officers searching his apartment found two weapons there. The drugs, rather, were found in the toilet. There is no indication that the guns were facilitating Dordain's commission of the heroin possession offense. The district court inferred the "in connection with" requirement, and such inference is error under *Booker*.

### III

The government concedes that Dordain preserved his *Booker* claim by objecting at the district court and citing *Blakely*.[7] A sentence based on a preserved *Booker* error should be vacated unless the error is harmless.[8] Here, the government cannot show beyond a reasonable doubt "that the district court would have imposed the same sentence absent the error."[9] We have held that the government can show harmless error in two circumstances: (1) when the district

---

[7]*See United States v. Saldana*, 427 F.3d 298, 313-14 (5th Cir. 2005).

[8]*United States v. Pineiro*, 410 F.3d 282, 284 (5th Cir. 2005); *United States v. Akpan*, 407 F.3d 360, 377 (5th Cir. 2005).

[9]*Pineiro*, 410 F.3d at 286-87.

court specifically says that it would not have given the defendant a lower sentence even if it were not bound by mandatory guidelines; and (2) when the district court refuses to allow a defendant to serve his federal and state sentences concurrently.[10]  Neither scenario is present in this case.  Nor does anything in this record suffice to establish harmlessness.

## IV

Accordingly, we VACATE Doradin's sentence and REMAND to the district court for resentencing.

---

[10]*United States v. Garza*, 429 F.3d 165, 170 (5th Cir. 2005).